UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRANDON QUINCY THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00146-JRS-DLP |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Petitioner Brandon Thompson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition for writ of habeas corpus is **dismissed**.

## I. Factual and Procedural Background

On November 16, 2010, in the United States District Court for the District of South Dakota, Mr. Thompson pleaded guilty to two counts of a twenty-six count second superseding indictment. *United States v. Thompson*, 4:09-cr-40129-KES-1 (S.D. 2011) ("Crim. Dkt."), dkt. 83. He pleaded guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591 and 2 ("Count 12"), and one count of solicitation to murder federal witness, in violation of 18 U.S.C. §§ 373 and 1512 ("Count 19"). *Id.*; Crim. Dkt. 88. On April 15, 2011, Mr. Thompson was sentenced to life imprisonment on Count 12, with a consecutive term of imprisonment of 120 months on Count 19. Crim. Dkt. 121; Crim. Dkt. 123. The United States Court of Appeals for the Eighth Circuit dismissed his appeal on July 18, 2011. *United States v. Thompson*, No. 11-1919 (8th Cir. 2014).

Mr. Thompson filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 13, 2012. *Thompson v. United States*, 4:12-cv-04133-KES (S.D. 2012) ("§ 2255 Dkt."), dkt. 1. The district court denied his motion to vacate, set aside, or correct sentence on

October 6, 2014. § 2255 Dkt. 69. The United States Court of Appeals for the Eighth Circuit denied Mr. Thompson's request for a certificate of appealability and dismissed his appeal. § 2255 Dkt. 78.

Mr. Thompson thereafter filed a motion for relief from judgment, § 2255 Dkt. 80, which the district court construed as a successive motion for relief under § 2255 and denied, § 2255 Dkt. 82. The United States Court of Appeals for the Eighth Circuit summarily affirmed the denial of Mr. Thompson's motion for relief from judgment. § 2255 Dkt. 87. He asserts that he has filed several other attacks on his conviction and sentence. Dkt. 1 at 4-5.

Mr. Thompson has now filed a petition under 28 U.S.C. § 2241 challenging his conviction and sentence on multiple grounds. Dkt. 1. He asserts four challenges: (1) he was convicted under a version of 18 U.S.C. § 1591 applicable after he committed the alleged offense; (2) he did not violate § 1591 because the government did not prove he used force, fraud, or coercion or that the victim was under the age of 18 at the time of the alleged offense; (3) he was not guilty of violating § 1591 because the age of consent under South Dakota law was 16 and the victim was 17; and (4) the district court lacked subject matter jurisdiction because Mr. Thompson did not engage in interstate commerce. *Id.*

## II. Discussion

Mr. Thompson's habeas petition under 28 U.S.C. § 2241 is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave

enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

A petition under § 2241, as limited by the saving clause of § 2255(e), is not the proper avenue for Mr. Thompson to seek post-conviction relief. Mr. Thompson's claims for relief are not cognizable under § 2241 because they do not satisfy the first or second *Davenport* requirement. None of Mr. Thompson's arguments rely on a case of statutory interpretation. Rather, his arguments challenge the facts of his alleged offenses and whether those facts constitute the charged offenses. Additionally, all of the arguments Mr. Thompson presents were available to him not only during his criminal trial, but also during his appeal and first post-conviction motion. He has not presented any facts or arguments that were "previously unavailable" to him. *Davis*, 863 F.3d at 964.

It is clear from the face of the petition that Mr. Thompson cannot satisfy the *Davenport* factors. Therefore, he is not entitled to relief in this Court, and his petition must be summarily dismissed. *See* Rule 4.

### III. Conclusion

Mr. Thompson's § 2241 petition is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

4

Because Mr. Thompson's § 2241 petition is summarily dismissed, his motion for leave to proceed *in forma pauperis*, dkt. [2], motion to appoint counsel, dkt. [4], and motion for evidentiary hearing, dkt. [5], are **denied as moot**.

**IT IS SO ORDERED.**

Date: 3/20/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRANDON QUINCY THOMPSON
10684-173
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808